# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TED MCCLAIN, | Case No. 3:18-cv-00197 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Sharon L. Ovington |
| CAVALRY SPV I, LLC, *et al.*, | |
| Defendants. | |

# DECISION AND ENTRY

Defendant Cavalry SPV I, LLC, through its attorneys with Defendant Levy & Associates, LLC, previously brought a case in the Champaign County, Ohio Municipal Court attempting to collect a debt that Plaintiff Ted McClain allegedly owed. The debt, Defendants said, was in connection with an account Plaintiff held with Synchrony Back—specifically, a "'Care Card' Account for healthcare and related goods and services." (Doc. # 1, ¶ 8). Defendants state that the Municipal Court case was voluntarily dismissed before trial. (Doc. #8, *PageID* #345).

Plaintiff asserts in the present case that Defendants' actions in attempting to collect on the Care Card Account violated his rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) and Ohio law. The case is presently pending on Defendants' Motion For Judgment On The Pleadings, Plaintiff's Memorandum In Opposition, Defendants' Reply (Doc. #s 8, 12, 14), and the record as a whole. Defendants seek judgment on the pleadings in their favor under Fed. R. Civ. P. 12(c).

The parties disagree about whether the Court may rely on documents attached to Defendants' Amended Answer at this stage of the case. Defendants contend that the Court may grant their Rule 12(c) Motion in light of the information provided in those records because they are public records from their case against Plaintiff in Municipal Court. Plaintiff argues that the Court should not take judicial notice or consider the documents Defendants have attached to their Amended Answer.

If a Rule 12(c) motion presents materials outside the pleadings and the court considers them, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Plaintiff alleges in his Complaint that Defendants filed their Complaint in Municipal Court "with knowledge that it did not have the documents necessary to prove that Calvary SPV I, LLC had ownership of the debt." (Doc. #1, ¶ 69). Defendants counter that the Court can consider the public records from their case in Municipal Court, including documents containing sworn testimony with supporting business records to show Defendant Calvary owned the Account.

"In general, the majority of the cases which do not allow a court to take judicial notice of the contents of a public record do so because there is no way for an opposing party, prior to the issuance of the court's decision, to register his or her disagreement with the facts in the document of which the court was taking notice. Thus, in order to preserve a party's right to a fair hearing, a court, on a motion to dismiss [or a Rule 12(c) motion], must only take judicial notice of facts which are not subject to reasonable dispute." *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (internal citation

omitted).

Defendants' reliance on the Business Records Affidavit and attached documents to establish their ownership of the debt requires conversion of their Rule 12(c) Motion to a motion for summary judgment under Rule 56. Defendants filed these documents in the Municipal Court that case was voluntarily dismissed. There is no indication by either party in this case that the Municipal Court found Defendants' documents authentic or otherwise admissible. And there is no indication that Plaintiff, who proceeded in the Municipal Court as a *pro se* Defendant, had a reasonable opportunity in that Court to challenge the assertions advanced in Defendants' [there Plaintiffs'] evidence.

In this situation, an Order converting Defendants' Rule 12(c) Motion to a Rule 56 motion for summary judgment is warranted.

## IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion For Judgment On The Pleadings is converted to a Motion for Summary Judgment; and

2. Plaintiff must file his evidence, if any, in support of his claims and in opposition to Defendants' Motion for Summary Judgment by **July 12, 2019**.

**Plaintiff is placed on notice that in the event he does not timely respond to this Order, Defendants' Motion may be granted and his case dismissed.**

June 11, 2019               *s/Sharon L. Ovington*
                            Sharon L. Ovington
                            United States Magistrate Judge